**Nadir ALI, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–74425.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 **.

Filed Dec. 28, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Nadir Ali seeks review of an order of the Board of Immigration Appeals upholding an immigration judge's ("IJ") order denying his application for cancellation of

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Ali failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We do not consider Ali's contention regarding moral character, because Ali's failure to establish hardship is dispositive.

Ali's contention that the IJ violated his due process rights by disregarding his evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We are not persuaded that Ali's removal results in the deprivation of his children's rights. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**